UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY FREDDIE, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1600 |
| | § | |
| THE CITY OF HOUSTON TEXAS, | § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 25.) The Court held a hearing on this motion on December 15, 2014. At that hearing, the Court signaled its concern that Plaintiff had failed to introduce evidence sufficient to show a prima facie case of age discrimination. Where a plaintiff raising a claim of age discrimination has lost his job as part of an overall reduction in force, as happened here, he must prove the following elements of a prima facie case: 1) that he is within the protected age group; (2) that he has been adversely affected by the employer's decision; (3) that he was qualified to assume another position at the time of the discharge; and (4) that there is "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (citation omitted).

For the reasons laid out at the December 15 hearing, the Court was not satisfied that Plaintiff had introduced evidence sufficient to raise a question of material fact as to his qualifications for another position in the city Department of Neighborhoods. Plaintiff asserted that he was qualified to assume the Division Manager position held by Landon Taylor. However, as the Court explained on the record at the hearing, the evidence shows that Plaintiff did not meet

1

many of the criteria required for that job, including the requirement of a bachelor's degree in business administration, accounting, engineering, or a closely related field. *See* Deposition of Anthony Freddie, Def.'s Ex. 2 at 7-8 (Doc. No. 25-3); Division Manager job description, Ex. B. to Declaration of Catherine Flowers, Def.'s Ex. 1 (Doc. No. 25-1, 25-2).

In an abundance of caution, the Court invited the parties to submit additional briefing on this issue after the hearing. Both parties submitted additional briefs. (Doc. Nos. 40, 47.) Having reviewed these submissions as well as the briefs and evidence originally filed on this motion, the Court concludes that Plaintiff has not met his burden of raising a question of material fact as to whether he was qualified to assume another position that existed in the Department of Neighborhoods after the 2011 layoff. For that reason, Defendant's Motion for Summary Judgment is **GRANTED**.[1]

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 31st of December, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] The Court is sympathetic to Plaintiff. He may well have been treated unfairly or even unkindly. He may have had justifiable expectations of better treatment. The Court's duty, however, extends no further than determining whether the law has been violated. In this instance, the Court must conclude that it has not been.